UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-06000-AB (KSx) | Date: | August 9, 2021 |
|---|---|---|---|

| Title: | Ryan Khanthaphixay, Riley O'Neal v. Loyola Marymount University; Muntu Davis; Barbara Ferrer |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR TEMPORARY RESTRAINING ORDER ADND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [DKT NO. 18]**

Before the Court is Plaintiffs Ryan Khanthaphixay and Riley O'Neal's ("Plaintiffs") *Ex Parte* Application for a Temporary Restraining Order and For Order to Show Cause Re: Preliminary Injunction ("Application," or "App.," Dkt. No. 18.) Defendant Loyola Marymount University ("LMU") and Defendants Muntu Davis, in his official capacity as Public Health Officer for Los Angeles County, and Barbara Ferrer, in her official capacity as Director of the Los Angeles County Department of Public Health, ("County Defendants" and together with LMU, "Defendants") opposed. ("LMU Opp'n," Dkt. No. 28; "County Opp'n," Dkt. No. 23.) For the reasons stated below, the Court **DENIES** Plaintiffs' *ex parte* Application.

//
//
//

## I.  BACKGROUND

This case arises from LMU's implementation of certain policies in connection with the COVID-19 pandemic.  *See generally* Dkt. No. 1 ("Complaint" or "Compl.,").   Plaintiffs are undergraduate students at LMU who challenge the LMU policies that require students arriving at LMU for the Fall 2021 semester to be vaccinated against COVID-19, or otherwise submit to testing, masking, distancing, or other measures ("COVID-19 Policies").  Compl., ¶¶ 1, 2.  The COVID-19 Policies allow for certain accommodations for students seeking exemption to the vaccine mandate.  Compl., ¶ 21.  Plaintiffs allege that the LMU created the COVID-19 Policies at the behest of, and in coordination with County Defendants.  Compl., ¶ 2.  Plaintiffs bring suit to redress certain constitutional and statutory harms that they argue arise from LMU's COVID-19 Policies.  *See generally* Complaint.

On July 24, 2021, Plaintiffs filed their Complaint against Defendants for: (1) violation of 42 U.S.C. § 1983 (Equal Protection clause of the Fourteenth Amendment); (2) violation of 42 U.S.C. § 1983 (First Amendment, Free Exercise Clause) and Article 1, Section 4 of the California Constitution; (3) 42 U.S.C. § 1983 (Fourth Amendment); (4) violation of 21 U.S.C. § 360bbb-3; (5) deprivation of equal protection under Article 1, Section 7(a) of the California Constitution; and (6) deprivation of privacy under Article 1, Section 1 of the California Constitution.  *See generally* Complaint.

On August 4, 2021, Plaintiffs filed the instant Application, which Defendants opposed.   Plaintiffs seek emergency injunctive relief in connection with their first, second, and third claims.   *See* Application.

## II.  LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *NML Capital Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1117 (C.D. Cal. May 25, 2011) (internal quotation marks omitted).   A party seeking a temporary restraining order accordingly must establish that: (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable injury in the absence of preliminary relief, (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Because a preliminary injunction is an extraordinary and drastic remedy . . . the party seeking the injunction must present evidence sufficient to clearly carry [its] burden of

persuasion on each requirement." *See A&A Int'l Apparel, Inc. v. Xu*, No. CV 15-644-GW(AGRx), 2015 WL 12850544, at *2 (C.D. Cal. Jan. 29, 2015) (internal quotation marks and citations omitted) (alteration added). A plaintiff faces an exceedingly high burden when seeking such relief on an *ex parte* basis. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures").

### III. DISCUSSION

Plaintiffs seek a temporary restraining order that enjoins LMU from enforcing all aspects of its COVID-19 Policies. Plaintiffs argue that LMU's COVID-19 Policies violate Plaintiffs' First, Fourth and Fourteenth Amendment rights.

### A. Plaintiffs' Delay in Filing of their TRO Application

As an initial matter, "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *See Herb Reed Enterprises, LLC v. Florida Entmt. Mgmt., Inc.*, 736 F. 3d 1239, 1251 (9th Cir. 2013). Where a plaintiff delays in seeking injunctive relief, that delay may imply a lack of urgency or irreparable harm. *Miller for & on Behalf of N.L.R.B. v. California Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993), *on reh'g*, 19 F.3d 449 (9th Cir. 1994) (citing *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking preliminary injunction is a factor to be considered in weighing the proprietary of relief."); *Dahl v. Swift Distribution, Inc.*, No. CV 10-00551 SJO(RZX), 2010 WL 1458957, at *4 (C.D. Cal. Apr. 1, 2010) (finding that the 18-day delay between the filing of the complaint and the TRO implied a lack of urgency and irreparable harm).

Here, Plaintiffs have been aware of LMU's COVID-19 Policies since April 26, 2021, when LMU's requirements were announced to incoming students. LMU Opp'n, Declaration of John S. Kiralla, ¶¶ 3, 4. Plaintiffs' counsel threatened LMU with a lawsuit and temporary restraining order in connection with the COVID-19 Policies on May 10, 2021, yet did not file the suit until July 24, 2021. LMU Opp'n, Declaration of Timothy Snyder ("Snyder Decl."), ¶¶ 13, 14, Exh. A. As in the cases above, Plaintiffs' failure to act sooner implies a lack of urgency and irreparable harm. Moreover, Plaintiffs fail to explain why they were unable to

seek relief earlier by motion for an injunction, avoiding the necessity for a last-minute temporary restraining order.

However, the delay in filing the Application is not dispositive. Thus, the Court will continue to address the substance of Plaintiffs' Application, as the result would not have been different had the Application been filed in a timely manner.

### B. Plaintiffs fail to demonstrate likelihood of success on the merits

Plaintiffs seek injunctive relief in connection with their 42 U.S.C. § 1983 claims. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed *under color of state law*." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (emphasis added). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). We begin "with the presumption that private conduct does not constitute governmental action." *Id*. That presumption may be overcome in limited circumstances, such as where the state "has exercised coercive power or has provided such significant encouragement" that the challenged action must be considered that of the state, *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), or where "the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).

It is undisputed that LMU is a private university. Plaintiffs attempt to avoid this conclusion by asserting that LMU was acting in concert with County Defendants. Plaintiffs' Complaint alleges that LMU's COVID-19 Policies "were adopted at the behest of, and in coordination with, the Los Angeles County Department of Public Health." Compl., ¶¶ 2. Plaintiffs also allege that "[LMU] is acting as an agent of the LACDPH in implementing the policies complained of herein." Compl., ¶ 117. In Plaintiffs' Application, Plaintiffs state that LMU was "acting in concert with the Los Angeles Department of Public Health to unlawfully subject Plaintiffs and other similarly situated students to 'surveillance testing,'" App. at 6, and that "LMU has advertised that is has enacted and is carrying out the challenged Policy at the behest of and in coordination with the Los Angeles County Department of Public Health." App. at 7.

Plaintiffs, however, present no evidence in support of these conclusory claims. The only document Plaintiffs submit shows that LMU followed generally

applicable guidelines set forth by Los Angeles County and the Center for Disease Control; it does not suggest that County Defendants formulated LMU's COVID-19 Policies.  *See* App., Exh. A at 5. ("LMU follows CDC and LACDPH guidelines regarding COVID testing and quarantine for students who are not vaccinated."). The fact that LMU followed general Los Angeles County guidelines does not make LMU a state actor, nor does it make County Defendants responsible for LMU's actions.  *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020) (finding that ccompliance with generally applicable laws is not sufficient to convert private conduct into state action).   Moreover, LMU and County Defendants' submit declarations which state that LMU developed its policies independently of County Defendants.   *See* LMU Opp'n, Snyder Decl. ¶¶ 5-12; *see* County Defendants Opp'n, Declaration of Robert Gilchick, ¶ 3.

There is no evidence to suggest that County Defendants exhibited "coercive behavior" or provided "significant encouragement" with respect to LMU's COVID-19 Policies.   Thus, Plaintiffs have failed to show that LMU acted "under color of state law or authority" when enacting its COVID-19 Policies.   As such, Plaintiffs cannot show a likelihood of success on the merits with respect to their section 1983 claims.   Because Plaintiffs have not made this showing, the Court need not address the remaining elements.

For the reasons stated above, Plaintiffs' *ex parte* Application is **DENIED**.

**IT IS SO ORDERED**.